IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KUANGHUA-SOPHIE SIE, *et al.*,

        Plaintiffs,

  v.

JAMES MUNJONE, *et al.*,

        Defendants.

CIVIL ACTION
No. 21-5080

**MEMORANDUM OPINION**

**SCHMEHL, J. /s/ JLS**                                                          **March 28, 2022**

      The three pro se plaintiffs, one being incarcerated in state custody, bring this lawsuit against ten defendants but they fail to plead a cognizable legal claim. The complaint includes internet links to news articles and videos, parts in a foreign language, and it does not plead any cognizable causes of action with particularity. The complaint is dismissed with leave to amend to state a cognizable legal claim within sixty days.

**I.**    **Plaintiffs' Filings**

      The Court garners the following from plaintiffs' Complaint, Request for Default Judgement, and response to a defendant's Motion to Dismiss. Plaintiff WeiWu Zhao is incarcerated in state custody after being found guilty on child pornography related charges. The other two plaintiffs are members of WeiWu's family. They are all "proBelt and Road Brotherhood supporters and advocates from the great Lehigh Valley Neighborhood."

      Plaintiffs claim that WeiWu is wrongfully incarcerated "in our Cyber-capitalism Era, no one should be criminalized by ethnic/racial prejudice . . . ." Plaintiffs further claim that the evidence supporting his conviction was insufficient, altered by defendants, and the prosecution

was racially, politically, and religiously motivated. Plaintiffs explicitly plead the following and more:

> [Defendants] should provide openness and fairness case proceeding opportunity for all the Plaintiffs to present WeiWu Zhao case thoroughly to overcome the bias exaggerated by the very limited State resources regarding to Internet/Cybersecurity safety, and to combat the Chinese Hate exacerbated by fakes news and disinformation in regarding to the Matters of WeiWu Zhao under A Number A207268640. (Complaint, at ¶8.)
>
> Upon information and belief, Weiwu Zhao is innocent of the criminal charges claimed by the prosecuting agents and Jury and the ICE and the Homeland Security agents from the State where the neoMcCarthyism associates and Falungone gangs are still attacking the supporters of Belt and Road "Brotherhood" by spreading cursing words, defamations, libels, slanders, fake news, disinformation and falsely reporting supporters of the belt and Road to the FBI for alleged spying for China, terrorism, being homicidal or suicidal, mental illness, child porn, and more. (*Id.* at ¶12.)
>
> Upon information and belief, all the Plaintiffs Fifth Amendment Right to the unbiased Grand jurors, to avoid double jeopardy, to "not" involve in self incrimination, to all due process clause, to all just compensation clause has been breached by all the Defendants' abusing professional and position privileges. (*Id.* at ¶18.)
>
> Upon information and belief, on or around 08/12/2021 through 09/02/2021, all the Plaintiffs have been directly and/or indirectly harmed and damaged by the Defendants deeds in willfully neglecting WeiWu Zhao's fair senior moment rights and fair senior citizen rights in SCI Waymart correction facility where Plaintiff WeiWu Zhao was assaulted by other inmate's malicious Electric Fan Blowing and teased as China Spy because of refusing Dongfa Zhou's senseless Political Asylum suggestion. (*Id.* at ¶23.)
>
> As discussed more fully below, Plaintiff Sie and all the Plaintiffs clearly have standing to bring a facial challenge to the Defendants because Defendants' derailed deeds directly threaten the rights of Plaintiffs and Plaintiffs' family members and court users to communicate protected Fifth Amendment guaranteed rights against self-incrimination, to unbiased jury trial, against double jeopardy, to the due process, to a fair trial, and against the taking of property by the government without compensation. (Plaintiff's Motion to Dismiss Opposition, at 8.)

Plaintiffs also include numerous links to news articles, video articles, letters, religious passages, and other Pennsylvania criminal prosecutions. Some defendants Motion to Dismiss,

some request judicial sanctions, and some have not yet filed a responsive pleading. Below, the Court dismisses the case with leave to amend.

II. **Standard of Review**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679); *see also Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010).

Our analysis changes when a party represents itself *pro se*. The Supreme Court requires us to "liberally construe" a *pro se* document. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Our Court of Appeals instructs us to permit a curative amendment if a complaint is vulnerable to dismissal for failure to state a claim, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III. **Analysis**

Plaintiffs fail to put forth a cognizable legal claim. They reference a civil rights action under section 1983, the Fifth Amendment, and defamation-related causes of action but do not make any type of claim. They do not plead with particularity that any of the ten defendants committed any precise action. They do not plead with any particularity a deprivation of a right, privilege, immunity, or anything else granted by the United States Constitution, other than the circumstances of WeiWu's criminal case. What best can be understood through plaintiffs' filings is that plaintiff WeiWu was found guilty, he is incarcerated, and his fellow two plaintiffs, his family, disagree with his incarceration and/or conviction. This simply does not plead a recognizable legal claim. *See Scielli v. Lebanon Cnty.*, 219 Fed. App'x. 221, 222 (3d Cir. 2007).

When a complaint is incomprehensible, names numerous defendants without particularity, and is illegible, it is appropriate for the Court to dismiss the case. Fed. R. Civ. P. 12. The allegations against WeiWi's conviction and incarceration appear to be issues that should have been taken on appeal in his state court criminal case, not in a Federal civil lawsuit.

4

IV. **<u>Conclusion</u>**

      For the reasons above, the Court dismisses plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12. Plaintiffs my file an Amended Complaint within sixty days, which must state a cognizable legal claim. It is strongly recommended that plaintiffs attempt to obtain legal counsel.